BERTHA WILENTZ, complainant-appellant,

*v.*

MORRIS MECHANIK and JENNIE MECHANIK, defendants-respondents.

[Submitted November term, 1918.   Decided March 3d, 1919.]

On appeal from the court of chancery.

*Mr. Elias A. Kanter,* for the appellant.

*Mr. Henry K. Golenbock,* for the respondents.

PER CURIAM.

The bill in this case was filed to compel the specific performance of a written contract dated November 27th, 1916. The premises in the contract agreed to be conveyed are lots seventeen (17) to twenty (20) on "map of property belonging to Joseph Gadek, situate in the city of Perth Amboy, N. J."

After a hearing the vice-chancellor decreed specific performance of the contract, including as part of the consideration a mortgage to be given by the complainant to the defendants, which should be in due legal form; "due form" being the wording of the contract. Thereafter on the 27th day of November, 1917, a reference was made to one of the special masters to settle and determine certain enumerated issues, in accordance with the decree in the cause made.

Accordingly, a report was made by the master to the court on the 24th day of April, 1918, which was confirmed on the 9th day of July, 1918. Subsequently, an amended decree was made on the 29th day of July, 1918, in which, it is decreed, that the complainant is to execute and deliver to the defendants a purchase-money bond and mortgage; "that said mortgage shall contain the usual insurance, standard mortgage clause, and is also to

contain the usual interest and tax default clauses for sixty days, such clauses to have effect only after July 30th, 1918." From this amended decree the complainant appeals, in which she alleges eight specific grounds of appeal; number five attacks specifically the clause above referred to, in reference to the insurance and tax clauses, to be inserted in the mortgage, as not warranted by the terms of the contract. As stated, the contract requires the mortgage to be in "due form" so, strictly speaking, there is nothing in the contract which requires the complainant to include in the mortgage any agreement to keep the property insured or to mature the mortgage upon default of interest for sixty (60) days; to this extent we think the learned vice-chancellor undertook to make a contract for the parties, perhaps an oversight. The decree should be modified to the extent of eliminating this requirement; in all other respects the decree should be affirmed; perhaps, we should say, that the contract does not provide for the payment of taxes, but this part of the decree was necessary, in order to satisfy the equities between the parties, growing out of the accounting. We think there is no legal merit in the other grounds of appeal.

The decree is affirmed, with the above-stated modification.

*For affirmance*—None.

*For reversal*—None.

*For modification*—The Chief-Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner—13.